FILED
MISSOULA, MT

2006 SEP 29 PM 3 59

PATRICK E. DUFFY

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| GENE PETERSON, | ) | CV 05-188-M-LBE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CITY OF HAMILTON, | ) | |
| HAMILTON POLICE DEPARTMENT, | ) | |
| and Does I-V inclusive | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. Introduction

United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation in this matter on May 9, 2006. Plaintiff timely objected on May 18, 2006. Plaintiff is therefore entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). Judge Erickson recommended granting Defendants' motion to dismiss, and dismissing the complaint as to Defendants City of Hamilton and Hamilton Police Department with prejudice. Judge Erickson recommended dismissing the complaint as to Does I-V without prejudice pursuant to Federal Rule of Civil Procedure

4(m). I agree with Judge Erickson's analysis. Because the Parties are familiar with the procedural history and the factual background, they will not be restated here.

## II. Analysis

Judge Erickson rightly recommended granting Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In particular, Plaintiff failed to allege deprivation of a constitutional right or a policy, custom, or practice that lead to the deprivation as required to succeed in a 42 U.S.C. § 1983 claim against a local government entity. See Oviatt v. Pierce, 954 F.2d 1470, 1474 (9th Cir. 1992).

In his objections, Plaintiff claims a constitutional violation occurred because Defendants should have known Plaintiff's neighbor could cause harm if he was not controlled. Plaintiff cites Montana's public duty doctrine and the four exceptions to the general rule that a governmental entity is not liable for an individual plaintiff's injury resulting from a governmental officer's breach of a duty owed to the general public. Under Montana law, a special relationship gives rise to a duty when police officers take charge of a third person whom they know or should know is likely to cause harm to others if not controlled. Nelson v. Driscell, 983 P.2d 972, 977-978 (Mont. 1999). In the instant case, however, Plaintiff does not allege

Officer Seymour took control of Plaintiff's neighbor; rather, Plaintiff's complaint relies on the Officer's failure to take any action. In any event, Montana law is not relevant to Plaintiff's § 1983 claim. Under § 1983, Plaintiff must allege a violation of federal law or the federal Constitution, not state law. Hydrick v. Hunter, 449 F.3d 978, 990 (9th Cir. 2006). As Judge Erickson correctly determined, Plaintiff has not sufficiently alleged Defendants' failure to arrest or prosecute his neighbor violated Plaintiff's constitutional right to due process under the Fourteenth Amendment.

Plaintiff also objects to Judge Erickson's determination that he failed to allege a policy or custom of Defendants led to the constitutional violation. Plaintiff argues he is not required to make such an allegation at the pleading stage. A plaintiff, however, must plead the essential elements of a claim to survived dismissal under Rule 12(b)(6). See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). A policy or custom that resulted in a constitutional violation is an essential element of a § 1983 claim against a local government entity. Oviatt, 954 F.2d at 1474.

Judge Erickson also recommended dismissing Plaintiff's Eighth Amendment claim. Plaintiff does not object to this recommendation, and I agree with Judge Erickson's conclusion that Eighth Amendment protections do not attach until after a

conviction.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Erickson's Findings and Recommendation are adopted in full. Defendants' motion to dismiss is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE as to Defendants City of Hamilton and Hamilton Police Department. Plaintiff's complaint as to Does I-V is DISMISSED WITHOUT PREJUDICE.

Dated this ____ day of September, 2006.

Donald W. Molloy, Chief Judge
United States District Court